*485 The court’s respective findings of sexual abuse by respondent Oscar N. and of neglect as a result of excessive corporal punishment by respondent mother were supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Dayanara V. [Carlos V.], 101 AD3d 411, 412 [1st Dept 2012]; see also Matter of Joshua J.P. [Deborah P.], 105 AD3d 552 [1st Dept 2013]; Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]). There is no basis to disturb the court’s credibility determinations crediting the testimony given by Jocelyn, and discrediting the testimony given by the mother (see Matter of Everett C. v Oneida E, 61 AD 3d 489 [1st Dept 2009]; Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]; Matter of Aaron C. [Grace C.], 105 AD3d 548 [1st Dept 2013]). The court was also entitled to draw a negative inference from respondent Oscar N.’s failure to testify or present evidence (see Matter of Eugene L. [Julianna H.], 83 AD3d 490 [1st Dept 2011]). Based on the social worker’s opinion that Jocelyn’s well-being would be severely compromised if she were required to testify in the respondents’ presence, the court appropriately permitted Jocelyn to testify by closed circuit television (see Matter of Giannis F. [Vilma C. — Manny M.], 95 AD3d 618 [1st Dept 2012]).
Moreover, the court’s respective findings of derivative abuse and neglect with respect to Jennice were warranted under the circumstances (see Matter of Amerriah S. [Kadiatou Y.], 100 AD3d 1006, 1007 [2d Dept 2012], lv dismissed 21 NY3d 884 [2013]).
We have considered appellants’ remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.